**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jamal D. Hendrix,<br><br>　　　　　　　　Plaintiff(s),<br><br>vs.<br><br>University Medical Center, et al.,<br><br>　　　　　　　　Defendant(s). | 2:25-cv-00876-APG-MDC<br><br>**ORDER DENYING IFP APPLICATION** |

Pending before the Court is plaintiff's *Motion/Application to Proceed In Forma Pauperis* ("IFP application") (ECF No. 1). For the reasons stated below, the Court DENIES the IFP application without prejudice.

### **DISCUSSION**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to

verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

The Court finds that it cannot make an accurate determination of whether plaintiff qualifies for IFP status at this time. The Court finds that plaintiff failed to completely answer the IFP application and that there are some inconsistencies in the application.

Plaintiff states that his gross pay/wages and take-home pay/wages are $0, but he makes or received income from "other sources." *ECF No. 1 at 1*. However, plaintiff failed to report the source of money, the amount received, and the amount he expects to receive in the future. *Id.* Because plaintiff failed to provide information on the additional source of income reported, the Court finds that plaintiff failed to fully answer question 3 of his application. Furthermore, it is unclear what plaintiff means by the

statement included on page 1. It appears plaintiff is alleging that he previously received $12.00/hr but was wrongfully terminated. *Id.* Plaintiff states that he "receives none by the wrong termination." *Id.* It is unclear whether plaintiff means he currently has no income due to this alleged wrongful termination or he no longer has an additional source of income. Therefore, the Court cannot make an accurate determination of plaintiff's IFP status at this time. Plaintiff is requested to please clarify in the new application, as requested below.

Plaintiff reports no money in his checking and/or savings account, assets, or regular monthly expenses. *Id.* at 2. However, plaintiff reports that he contributes support to a "Davion Whitfield" and pays $100 a month. *Id.* at 2. Plaintiff also reports debt and obligations in the form of child support payments. *Id.* The Court is unable to determine how plaintiff can makes his contributions when he reports neither employment/wages nor information on his other source of income. Furthermore, it is unclear whether plaintiff means to report $100 in child support payment towards "Davion Whitfield" or he makes child support payments on top of his contributions. Therefore, the Court cannot make an accurate determination of plaintiff's IFP status at this time.

Plaintiff failed to fully answer the IFP application because there are some inconsistencies in the IFP application. Therefore, the Court denies the IFP application but does so without prejudice. Should plaintiff choose to refile his IFP application, he must file the **long-form** application. Plaintiff must not only fully answer each question, but he must also address deficiencies noted in this Order. Simply answering "N/A" or "Not applicable" is not enough. If there are any changes between plaintiff's IFP application, plaintiff must also explain those changes. Failure to comply with the Court's Order may result in a denial of the application.

//

//

//

//

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 1) is DENIED WITHOUT PREJUDICE.

2. If plaintiff chooses to refile his IFP application, he must file the **long-form** application by no later than **July 24, 2025**.

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED this 25th day of June 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.